SANTIAGO ET AL., PLAINTIFFS AND APPELLANTS, *v.* NOA ET AL., DEFENDANTS AND RESPONDENTS.

APPEAL from the District Court of San Juan, Section 1, in an action of ejectment and for damages.

MOTION of the Appellants for a Reconsideration.

No. 1120.—Appeal dismissed *Per Curiam* March 18, 1914.

Motion to reconsider decided May 9, 1914.

TRANSCRIPT OF RECORD—JURISDICTIONAL DEFECT.—The failure to file the transcript of the record within the time allowed is not a jurisdictional defect.

DISMISSAL OF APPEAL—TRANSCRIPT OF RECORD—RECONSIDERATION—EXCUSE.—
When an appeal is dismissed because the transcript of the record was not
filed in due time, this court will not make use of its discretionary power, if
it has such power, to reconsider said ruling and restore the appeal to the
docket unless strong reasons therefor are shown. The court will not accept
the excuse that the transcript of the record was not filed because of the
nervous condition of the attorney for the appellants on account of personal
family matters, and that for that reason the transcript of the record which
he had prepared was lost.

ACTS AND OMISSIONS OF ATTORNEYS.—The acts and omissions of an attorney in
the practice of his profession affect his client.

APPEAL—RECONSIDERATION—AFFIDAVIT OF MERITS.—On motion for the reconsid-
eration of a decision dismissing an appeal, alleging that there are good legal
grounds to support the appeal, an affidavit of merits should be filed in support
of said allegation.

The facts are stated in the opinion.

*Mr. Benítez Castaño* and *Messrs. Savage & Francis* for
the appellants.

*Messrs. Alvarez Nava & Dominguez* for the respondents.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of
the court.

Upon motion of the respondents filed on March 6 last, this
court, by its decision of the 18th of the same month, dismissed
the appeal taken in the above-entitled case, because, the state-
ment of the case having been approved on January 12 of this
year and the appellants having been granted an extension
of time of five days in which to file the transcript of the rec-
ord from the 11th of the following February, the same had
not been filed when that extension expired.

Notice of the motion to dismiss was served on the attor-
ney for the adverse party, Eugenio Benítez Castaño, on the
day of its date and the said attorney was notified on March
10 of another motion made by the respondents and accompa-
nied by a certificate of the secretary of the District Court
of San Juan, Section 1, verifying the facts alleged in the mo-
tion, which motion was heard on March 16, the appellants
not appearing.

Attorneys Savage and Francis, representing the appel-
lants, filed a motion on April 22 praying this court to recon-

sider its decision of March 18 and to order· that the appeal be entered on the docket of the court, alleging as grounds therefor that Attorneys Socorro and Anderson had appeared consecutively for the plaintiff-appellants in the lower court until September 18, 1913, when Attorney Eugenio Benítez Castaño took charge of the case and continued to represent them up to the date of the decision whose reconsideration is prayed for; that Attorney Eugenio Benítez drew up the statement of the case and prepared the transcript of the record, which was concluded about the middle of February of the present year; that on or about that date, as the plaintiff-appellants are informed, the nervous condition of Attorney Benítez Castaño, due to personal matters, was such that he could not give the proper attention to his professional business and that the whereabouts of the original transcript of the record was unknown, only an incomplete copy thereof having been found; that the plaintiff-appellants had received no notice of the decision dismissing the appeal until Saturday March 28, on which day they offered the case to Attorneys Savage and Francis who agreed to represent them on Monday March 30; that the transcript of the record was prepared immediately and certified to by the secretary of the District Court of San Juan on April 4; that since Attorneys Savage and Francis agreed to appear for the plaintiff-appellants they have tried to secure an affidavit from Benítez Castaño as to his reasons for allowing the period of time allowed for filing the transcript of the record to elapse, but without success; that the appellants have good grounds in law to support their appeal.

Accompanying the motion for reconsideration is the incomplete copy of the transcript of the record in the condition in which it was found, the transcript of the record certified to by the secretary of the District Court of San Juan on April 4 and two affidavits—one of Juan Bonifacio de la Cruz Barbosa, one of the plaintiffs, and another of Alfredo Furtuño, the husband of María Teresa Alejandrina Barbosa, also a

plaintiff—both agreeing that it was on March 28 when they learned that the appeal had been dismissed. The transcript of the record certified to contains only 48 pages.

Juan Bonifacio de la Cruz Barbosa avers that on the said 28th day of March he consulted Attorneys Savage and Francis who promised him to investigate the matter during the early part of Monday March 30, on which day they took charge of the case and were handed all the documents which, in accordance with the order of Juan Bonifacio, had been received from Attorney Benítez Castaño, the transcript of the record having been prepared with all possible dispatch since Benítez Castaño could not find more than an incomplete carbon copy of the transcript which he had prepared.

Alfredo Fortuño declares in his affidavit that he knew through his brother-in-law, Juan Bonifacio, of the dismissal of the appeal; that about the beginning of March Eugenio Benítez Castaño showed him a roll of paper, telling him that it was the transcript of the record ready to be filed and that his brief would be ready within fifteen days; that the said Benítez Castaño informed him that he had allowed the time granted for filing the transcript of the record to elapse because of his nervous condition due to personal family affairs.

After considering the allegations made by the attorneys for the plaintiff-appellants and the documentary proofs in support thereof, we do not feel inclined to grant the reconsideration asked for.

Section 299 of the Code of Civil Procedure, as amended by Act No. 70 of 1911, provides that the certificate referred to shall be filed in the office of the secretary of the Supreme Court within the thirty days following that on which the bill of exceptions and statement of the case were approved, with a showing that a literal copy of the same, certified to by the attorney for the appellant, had been delivered to the attorneys for the respondents. And section 303 of the Code of Civil Procedure prescribes that the appeal shall be dismissed when the appellant fails to file the transcript of the record

or to comply with the requisites exacted by the laws and regulations governing matters of appeal.

We understand that the failure to file the transcript of the record within the proper time does not affect the jurisdiction of this court, but although the said failure is not a jurisdictional defect, the provisions of law before cited are so clear and specific that if we had discretional power to dispense with the strict compliance with the said provisions in some cases, we would not exercise that power in favor of the plaintiff-appellants, because there are no reasons sufficiently strong to excuse their failure to file the transcript of the record within the time fixed by law.

Really, the only excuse alleged is that notwithstanding the completion of the transcript of the record since the middle of February last, it was not filed by Benítez Castaño, the attorney for the appellants, because of his nervous condition due to personal family matters, and the said transcript having been lost, it was necessary to prepare another.

That excuse is not acceptable when considered alone, for the acts and omissions of an attorney in the practice of his profession affect his client. The motion to dismiss the appeal was served on Attorney Benítez Castaño on March 6 and notwithstanding the fact that the hearing thereon was had ten days later, he did not appear at the hearing nor show any cause why the hearing should be suspended if he were prevented from being present. Nor did he avail himself of that lapse of time to prepare and file the transcript of the record in the office of the secretary of this court. Besides, it is shown that the transcript of the record was already certified to by the secretary of the District Court of San Juan on April 4 and yet it was not filed in the office of the secretary of this court until the 22d of the same month, or eighteen days later.

Nor have the appellants filed an affidavit of merits in support of their allegation that they have good legal grounds on which to base their appeal.

We should not be acting in accordance with justice in

granting the motion of the plaintiff-appellants and perhaps might injure the rights of the defendant-respondents.

The reconsideration asked for should be denied.

*Motion overruled.*

Justices Wolf, del Toro and Aldrey concurred.